FILED
OCT 09 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS<br>2210 Anvil Lane<br>Temple Hills, Maryland 20748<br>(301) 630-5062<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jenekia J. Johnson<br>1414 Colony Road<br>Oxon Hill, Maryland 20748<br>301-567-3040<br><br>　　　　Defendant | ) <br>) <br>) C<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | Case: 1:07-cv-01812<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 10/9/2007<br>Description: CIVIL RIGHTS-NON. EMPLOY. |

## COMPLAINT

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled complaint, files a complaint against Jenekia J. Johnson for Money Damages, Declaratory and Injunctive Relief in violation of § 8 U.S.C.-119, 2515, § 2518. Procedure, interception of wire, oral, or electronic communication; continuous violation of the wiretap statute – use, disclosure, possession, interception. This complaint is re-filed to serve Jenekia Johnson named defendant in previously filed case dismissed without prejudice. See Gibson-Michaels v Jenekia J. Johnson cv-06-1939. Decided May 3, 2007 (RMU).

## JURISDICTION

This action arises under Title 18, United States Code, §2520, 42 U.S.C. §1985(3) and §1986, 47 U.S.C. §605, and under the First, Fourth, Fifth, Sixth, and Ninth Amendments to the U.S. Constitution.

RECEIVED
SEP 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The jurisdiction of this court is based upon 18 U.S.C. §2520, 28 U.S.C. §1331(a) and §1343(l), (2), and (4), and the aforementioned Constitutional provisions. The matter in controversy, exclusive of interest and costs, exceeds $10,000.

## PARTIES

1. Plaintiff **YOLANDA C. GIBSON-MICHAELS** is a citizen of the United States and a resident of Prince Georges County (P.G) Maryland, residing at 2210 Anvil Lane, Temple Hills, Maryland 20748.

2. Defendant **Jenekia J. Johnson**, 1414 Colony Road, Oxon Hill, Maryland 20748, 301-567-3040, a 25-year old intern involved in a Federal Theft. Ms. Johnson admitted ***she lied on tape***, ***submitted false affidavits*** to the FDIC and willfully entrapped Plaintiff by pre-text in which she stated she LIED on April 14-15, 2004. Ms. Johnson acted in concert with Douglas R. Fahey, contractor whom impersonator a U.S. Federal Investigator employed by the FDIC, Seccuriguard, USEC and other agencies.

## STATEMENT OF FACTS

1. On or about **April 14, 2004** – Plaintiff a former employee with the Federal Deposit Insurance Corporation (FDIC) was approached at her former place of employment, 1717 H Street, N.W., Washington, D.C. by JENEKIA JOHNSON a 25-year old intern involved in a Federal theft.

Ms. JOHNSON alleged that she was a victim of Federal theft. Plaintiff acting in her approved capacity as a team leader, promptly escorted Ms. Johnson to a closed door office to protect Ms. Johnson's privacy. Plaintiff provided words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples.

2

2. On or about **April 15, 2004**, JENEKIA JOHNSON, the approached Plaintiff verbally stated that, **"She I Lied.** Here again, Plaintiff promptly escorted Ms. Johnson to a closed door office to protect Ms. Johnson's privacy.

3. Plaintiff was unaware that Ms. Johnson unlawfully, intentionally and knowingly possessed a Sony cassette tape recorder which is defined as an electronic, mechanical and other devices, to wit, bugging and receiving devices, knowing and having reason to know that the design of said devices rendered them primarily useful for the purpose of the surreptitious interception of wire, oral and electronic communications. See **U.S.C.Title 18, United States Code, Sections 2512(1)(b) and 2.**

4. On or about **April 19, 2004 (2:22pm)**–Plaintiff received an e-mail from Douglas R. Fahey (unlicensed FDIC contractor) requested investigative interview with Gibson-Michaels regarding conversation she had with student intern Johnson on **April 14-15, 2004** which made the intern **"Feel Threaten"**

5. On or about April 14, 2004 Jenekia Johnson reported the conversation she initiated with Plaintiff on April 14-15, 2004. James T. Lantleme, Assistant Director affirmed by sworn affidavit that after speaking to Ms. Johnson he stated that: _**"A Bit Later I asked Jenekia if she felt threaten by Yolanda, and she said that she did."**_ James Lantelme contacted William Kmentz (Security) and conveyed to Kmentz that Plaintiff "Threaten" Ms. Johnson instead of making her "feel threaten" initiated by James T. Lantelme.

6. On or about **April 19, 2004 (4:04pm)** – Plaintiff sent e-mail to her former first-line supervisor Carl Polvinale regarding both interns alleged theft. Plaintiff informed Polvinlae that she cooperated and provided Douglas Fahey with a statement. Mr. Polvinale concurred that a bible verse is not a threat.

7. On or about **April 21, 2004** – Plaintiff affirmed that Ms. Johnson provided her with false information on April 21, 2004. Ms. Johnson informed her that Doug Fahey asked her how did she feel after speaking to Plaintiff.

3

8. On or about **April 21, 2004** –James T. Lantelme e-mailed and hand-carried a memorandum to Plaintiff re: Mandatory attendance at Investigative Meeting. J.Lantelme stated, that: ***"I direct you to meet with Mr. Fahey at his office, and I direct you to cooperate in the interview. 'Failure to attend the interview and cooperate will result in disciplinary actions being taken against you."*** Plaintiff was forced, directed; coerce to attend the investigative interview.

9. On or about **April 22, 2004 (8:26am)**–D. Schull (Union Representative) requested a delay in meeting. Schull requested a statement from intern. What was the charge against me, or what specifically were the charges" Douglas Fahey (contractor) didn't respond.

10. On or about **April 22, 2004 (10:29am)** –James Lantelme responded to Plaintiff. Lantelme wrote that: **"I have received your emailed, your request are duly noted"** Lantelme threaten Plainff with disciplinary actions if she didn't meet with contract employee Doug Fahey.

11. On or about **April 26, 2004** –J.Lantelme e-mailed and hand-carried a memorandum to Plaintiff with an order, threat, and coherence to cooperate, and meet with Douglas Fahey on April 28, 2004 re investigative interview. Mr. Lanteleme stated that:"**Failure to meet would result in disciplinary actions against you."**

12. On or about **April 29, 2004** – Plaintiff e-mailed union re: Draft summary of investigative interview. Discussed Johnson's recording her own self stating that **she lied on tape** (False Statement), cheated on time and attendance.

13. On or about **May 11 2004** –Plaintiff sent rebuttal to James Lantelme re: illegal tape recording. **Intern stated that she lied on tape**, nepotism of intern working for aunt, defrauding the government. Fahey expressed embarrassment as intern stated that she lied which was said on tape "self-incrimination"

4

14. On or about **June 1, 2004** –Plaintiff sent letter via e-mail and hand carried ltr. to the FDICs OIG Patricia Black regarding violation of 18 U.S.C., Section 119-Interception of Oral Communication by summer intern and contractor; not Federal Agent as required under Omnibus Street Crime Act, Court Order, and purpose of Federal Crime; not bible verse.

15. On or about **June 9, 2004** –Plaintiff received ltr. From James Lantelme **"Proposed 10-Day suspension from duty without pay"**

16. On or about **June 29, 2004** –Plaintiff sent letter to Special Agent Baker **re: illegal taping Case No:4003351**. Plaintiff requested that Baker reopen illegal recording to include Identity Theft Title 22, subtitle I, Chapter 32, and Subchapter III. Identity Theft and Assumption Deterrence Act, 18 U.S.C., section 1028.

17. On or about **August 17, 2004** –E.Bovenzi directed Plaintiff to report to her office. Erica Cooper Bovenzi presented to Plaintiff a memorandum re*:"Notice of Decision – Five (5) Calendar Day Suspension"*

18. On or about **November 4, 2004** – Plaintiff received FPS Police report from Agent Moore regarding illegal interception of oral communication CCN: NO4003351.

19. **December 22, 2004** – Metropolitan Police Department Ms. Gray confirmed that Douglas Fahey (contractor) was not certified or pending certification as a private investigator.

20. **December 8, 2005** DOJ Criminal Division confirmed that the FDIC nor did Douglas Fahey a Court Order to engage into wire tap or the interception of Gibson-Michaels communication.

21. The Metropolitan police confirmed that Douglas R. Fahey was unlicensed DOJ Criminal Division confirmed that Fahey didn't have a Court or the FDIC didn't have a court Order, authority to engage into an interception of oral communications with the use of a tape recorder (Sony).

22. Plaintiff confirmed on **August 1, 2007**, by and through the U.S. Banking Committee's representative that the FDIC admitted that it **did not follow procedures** regarding the illegal wire tap, that the **FDIC admitted that it erred**, the contractor was no longer employed at the FDIC, and Plaintiff was reinstated. Plaintiff informed the Banking Committee that she was not reinstated.

23. The FDIC and Defendants (pending appeal) continues to use evidence intercepted by an unlicensed contract security guard (Douglas R. Fahey), to and including unlawful **duplication**, **possession**, **release**, and **reliance upon** evidence intercepted and used to involuntary remove Plaintiff from Federal services on January 21, 2005 and March 31, 2006.

24. The Federal Deposit Insurance Corporation (FDIC) confirmed by letter dated September 13, 2006, page 2, of the FDIC response to U.S. Senator Barbara A. Mikulski, that: **"The facts are that in 2004 a contract investigator [Douglas R. Fahey] with the FDIC allowed another employee to tape record a conversation with Ms. Gibson-Michaels in order to help management investigate allegations of misconduct."**

The District Court concluded that, under the statutory language, **"an individual violates the federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception."** The Court held that: **"[t]he First Amendment protects the disclosures made by respondents in this suit. (a) Title III of the Omnibus Crime Control and Safe Streets Act of 1968. As amended, prohibits the interception of**

6

wire, electronic, and oral communications. Title 18 U.S.C. § 2511(1) (a) applies to the person who willfully intercepts such communications and subsection (c) to any person who, knowing or having reason to know that the communication was obtained through an illegal interception, willfully discloses its contents."

**Wherefore**, Plaintiff incurred irreparable damages because of the continued **existence**, **use**, **possession** of **intercepted evidence**, **recordings**, **duplication**, and the Defendants unauthorized reliance upon evidence intercepted in violation of 18 U.S.C. §119, enacted by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2521 (2000 & West Supp. 2005), is often referred to as "Title III.

## Conclusion

For all of the reasons outlined above, Plaintiff petitions this Court to grant Plaintiff's Motion Money Damages and Declaratory and Injunctive Relief. Plaintiff has suffered two involuntary removals on January 21, 2005 and March 31, 2006, deprived of property rights, salary, critical medical benefits, and continued to be harmed by Defendant's willful use of evidence in violation of the wiretap statue.

Prayer for relief: **$5,000,000.00**

Plaintiff request a jury trial

Respectfully submitted,

_____ 9/10/07
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

7

## CERTIFICATE OF SERVICE

14th

I herby certify that on this **day of September, 2007**, a copy of the foregoing **COMPLAINT** was mailed to:

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland 20748
301-567-3040

8

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-1812
RMU

## I (a) PLAINTIFFS

Yolanda Gibson-Michaels

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

Jenekia J. Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T...

Case: 1:07-cv-01812
Assigned To : Urbina, Ricardo M.
Assign. Date : 10/9/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE 10/9/07   SIGNATURE OF ATTORNEY OF RECORD NCO

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd