UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA GIBSON-MICHAELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 07-1812  (RMU) |
| ) | |
| SHELIA C. BAIR *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| YOLANDA GIBSON-MICHAELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 07-1813  (RMU) |
| ) | |
| JENEKIA J. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The plaintiff, a former employee of the Federal Deposit Insurance Corporation ("FDIC"), proceeding here *in forma pauperis*, has filed *pro se* complaints against Sheila C. Bair, the Chairman of the FDIC in her official and individual capacities, Douglas R. Fahey, a private contractor who was conducting an investigation into a workplace theft at the FDIC, and Jenekia J. Johnson, a former intern at the FDIC. The plaintiff asserts claims for an alleged unlawful interception of her oral communication and for conspiracy to accomplish and failure to prevent the interception, citing 18 U.S.C. §§ 2510 *et seq.*, 47 U.S.C. § 605, 42 U.S.C. §§ 1985 and 1986, and violations of her First, Fourth, Fifth, Sixth, and Ninth Amendments.  She also characterizes

certain alleged transactions as violations of 18 U.S.C. §§ 119 and 1028.  Because the complaints fail to state any claim upon which relief may be granted, the court dismisses *sua sponte* the plaintiff's complaints.

The plaintiff alleges[1] that in the context of an investigation of work place theft, she had a conversation with defendant Johnson, which Johnson surreptitiously recorded on a cassette recorder with defendant Fahey's full knowledge and participation, if not at his direction.  (*See* Compl. in Civil Action No. 08-1812 ¶¶ 1-3, 24; Am. Compl. in Civil Action No. 08-1813 at 6 ¶ 3, at 7-8 ¶¶ 1-2.)  The plaintiff construes this conduct as an unlawful interception of her oral communication, and further alleges that no court order authorized this recording.  (Compl. in Civil Action No. 08-1812 ¶¶ 20-21; Am. Compl. in Civil Action No. 08-1813 at 10 ¶ 19.)

The plaintiff is simply mistaken that the laws upon which she relies prohibit the conduct she alleges against Johnson and Fahey individually and against Bair under a theory of *respondeat superior*.  An unlawful interception is one where "none of the parties to the communication has consented to the interception."  *See Gelbard v. U.S.*, 408 U.S. 41, 47 (1972) (quoting 18 U.S.C. § 2515, 801(d), 82 Stat. 211, now codified at 18 U.S.C. § 2510, 801(d) of Pub.L.90-351); *Rathburn v. U.S.*, 355 U.S. 107, 108-09 (1957) (interpreting 47 U.S.C. § 605 and concluding that where one party to the communication consents to the overhear, "there has been no 'interception' as Congress intended that word to be used").  Here, Johnson – a party to the plaintiff's oral communication – consented to the recording.  Therefore, there was no unlawful interception, and

---

[1] When determining whether a complaint fails to state a claim upon which relief may be granted, the court must presume the factual allegation of a complaint to be true and construe them liberally in the plaintiff's favor.  *See Shear v. Nat'l Rifle Ass'n,* 606 F.2d 1251, 1253 (D.C. Cir. 1979).

the plaintiff has not stated a claim against any of the defendants in these two cases for unlawful interception.  Therefore, any claims under 18 U.S.C. § 2515 and 47 U.S.C. § 605 fail.  Because the recording of the conversation was not an unlawful intercept, it cannot serve as a predicate act to support a claim under either 42 U.S.C. § 1985 for conspiracy or 42 U.S.C. § 1985 for negligent prevention.

      The plaintiff's attempt to state claims under 18 U.S.C. §§ 119 and 1028 also fail.  Section 119 applies only to an enumerated list of individuals who perform certain specified official duties, and there are no allegations in the complaint establishing that the plaintiff is one of those covered individuals.  *See* 18 U.S.C. § 119(a) and (b)(2) (restricting application of statute to a "covered person" and defining "covered person").  Section 1028 applies only to what is, or what appears to be, some form of U.S.-issued I.D. card "authentication feature," and there are no allegations in the complaint involving such documents or indicators.  18 U.S.C. § 1028(a) and (c) (restricting application of the statute to circumstances where "the identification document, authentication feature, or false identification document is or appears to be issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance or the document-making implement is designed or suited for making such an identification document, authentication feature, or false identification document").

      Similarly, all of the plaintiff's constitutional claims for damages fail.  The plaintiff has not alleged facts supporting an inference that the government restrained her speech, so the court dismisses her First Amendment claim.  Her Fourth Amendment claim also fails because the Fourth Amendment protects only reasonable expectations of privacy, and the plaintiff had no reasonable expectation that Jenekia Johnson would keep private what the plaintiff said to her.

*See U.S. v. White*, 401 U.S. 745, 752 (1971) (concluding that the speaker's Fourth Amendment is not violated when someone trusted by the speaker shares that information with a government agent, whether through re-telling, recording or radio transmission).  The complaint contains no facts that support an inference that the plaintiff was not afforded due process of law, so her Fifth Amendment claim cannot survive.  U.S. CONST. amend. V (prohibiting a person from being "deprived of life, liberty, or property, without due process of law").  Because the Sixth Amendment applies only to criminal prosecutions, and nothing in the complaint alleges that the plaintiff was criminally prosecuted, the complaint also fails to state a claim under the Sixth Amendment.  U.S. CONST. amend. VI (applying to "all criminal prosecutions").  Finally, there are no allegations in the complaint that remotely implicate the provisions of the Ninth Amendment, which states in its entirety that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  In any case, because all the plaintiff's other claims fail, this one must, as well.  "The Ninth Amendment is not a source of substantive rights, unless it is coupled with the denial of other fundamental rights." *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 30 (D.D.C. 1998) (internal quotation marks and citation omitted).

     Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court dismisses *sua sponte* the complaints for failure to state a claim upon which relief may be granted.

     An Order consistent with this Memorandum Opinion is separately and contemporaneously filed this 9th day of July 2008.

                                                           RICARDO M. URBINA
                                                 United States District Judge